UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE DEWAYNE MAYES,

        Petitioner,                  Case Number 11-14465
                                                  Honorable David M. Lawson

v.

GREG McQUIGGAN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Maurice Dewayne Mayes, presently confined at the Chippewa Correctional Facility, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions and sentences for armed robbery, Mich. Comp. Laws § 750.529, conspiracy to commit armed robbery, Mich. Comp. Laws § 750.157a, resisting or obstructing a police officer, Mich. Comp. Laws § 750.81d(1), and possession of a firearm during the commission of a felony. Mich. Comp. Laws § 750.227b. The petitioner was sentenced as a third-time habitual felony offender to prison terms of 270 to 500 months for robbery and conspiracy, 2 to 4 years for resisting or obstructing, and a consecutive two year term for the firearm conviction. The petition raises four claims: (1) the trial court did not acquire jurisdiction over his case; (2) the trial court erred by excluding evidence and failing to instruct the jury that the firearm associated with the petitioner was inoperable; (3) the trial court erred by failing to instruct the jury on lesser offenses; and (4) insufficient evidence was presented at trial. The respondent has filed a response to the petition. The Court finds that the petitioner's claims lack merit and will deny the petition.

I.

The petitioner was jointly tried with Larry Hibler and Truman Canon in the Saginaw County, Michigan circuit court for the January 12, 2004 robbery of a Burger King restaurant in Saginaw, Michigan. At trial, employees of the restaurant testified that on the night of the robbery four men entered the establishment and "jumped the counter." Hibler brandished a handgun and ordered an employee to open the safe. Other testimony indicated that the man later identified as the petitioner had a handgun visibly tucked into his waistband. The employee complied with Hibler's demand and the man later identified as the petitioner stuffed the cash from the safe into his pocket. Meanwhile, one employee, Marcus Harrison, who had hid in the freezer, called 9-1-1 on his cell phone.

Nearby police officers quickly responded to the call and converged on the restaurant. The perpetrators fled on foot in different directions. The petitioner was chased by one officer into a nearby woods. The officer eventually overtook the petitioner and tackled him. The officer recovered $1,207 in small bills from the petitioner's pocket. An inoperable handgun was later found on the ground along the path on which the petitioner ran.

After conviction and sentencing, the petitioner filed a direct appeal raising three claims:

I       Did the trial court err reversibly by denying Appellant's request that the court instruct the jury that it could not convict Appellant of possession of a firearm during the commission of a felony if the firearm in question was inoperable after having refused a codefendant's request to present evidence that the gun found was inoperable?

II.     The trial court erred reversibly by refusing to give instructions on lesser included offenses requested by Appellant at trial.

III.    The trial court erred reversibly by allowing insufficient evidence to be used in Appellant's trial by the prosecution.

The Michigan Court of Appeals affirmed the petitioner's convictions in an unpublished opinion, *People v. Mayes*, No. 259184, 2006 WL 2061353, at *1 (Mich. Ct. App. July 25, 2006), and the state supreme court denied leave to appeal, *People v. Mayes*, 477 Mich. 1003 (2007) (table).

The petitioner filed a motion for relief from judgment in the trial court on February 27, 2007. The motion appears to have raised the first two claims that the petitioner presented to the state courts during his direct appeal. The trial court denied the motion on February 28, 2007.

The petitioner attempted to file a delayed application for leave to appeal in the Michigan Court of Appeals from the denial of his motion for relief from judgment. On August 30, 2007, the court of appeals dismissed the petitioner's delayed application because the petitioner failed to pursue the case in conformity with the Michigan court rules. The petitioner did not appeal that order to the Michigan Supreme Court.

The petitioner filed another motion for relief from judgment in the trial court on October 8, 2008. The motion appears to have claimed that the state district court erred in binding the petitioner over to the circuit court for trial. On January 7, 2009, the trial court issued an opinion and order denying the motion. The petitioner did not appeal the denial of this motion to the Michigan Court of Appeals or to the Michigan Supreme Court.

In October 2011, the petitioner filed his habeas petition with this Court raising the claims he presented to the Michigan Court of Appeals. He also contends that the trial court had no jurisdiction because of a defect in the procedure transferring the case to circuit court after the preliminary examination in the district court. The respondent filed an answer to the petition raising several boilerplate defenses, none of which is helpful to the disposition of the case.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because Mayes filed his petition after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, --- U.S. ---, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 786-87 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and

demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

A.

The petitioner begins his petition by asserting that the state trial court did not have jurisdiction to bring him to trial. He reasons that the state district court did not make a proper "return" after the preliminary examination, and therefore the trial court did not acquire jurisdiction over his case. He identifies the claim under the heading "Argument for Protective Habeas," and at the end of the petition he asks the Court to permit him to return to state court to develop the claim. The respondent did not address this claim or request for relief.

This court has the discretion to stay the petition and allow the petitioner to fully present his unexhausted claim to the state courts. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). But the stay

remedy is available only in "limited circumstances," such as when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277. Here, a stay will not be granted because the unexhausted claim is plainly meritless. The petitioner argues that after the preliminary examination, the state district court judge failed to make a "proper return" to the state circuit court as required by Michigan Compiled Laws § 766.15, so that everything that followed in the circuit court was void. The claim appears to be factually incorrect. The record of the preliminary examination indicates that the district court bound the petitioner over for trial on all charges. And the docket sheet indicates that the case was then filed in the state circuit court on March 5, 2004, and the petitioner was arraigned on April 5, 2004.

But even if there were some error in these preliminary proceedings, it would not present a basis for granting habeas relief. The question of the state court's power to try this case is not a claim that arises under the United States Constitution or federal statutes. This Court may not issue a writ of habeas corpus in favor of a state prisoner under 28 U.S.C. § 2254 unless the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is thus well established that habeas review does not extend to questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Determining whether a state court is vested with jurisdiction under state law is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). The petitioner is not entitled to an order staying this case, because his jurisdictional claim is plainly meritless.

B.

Next, the petitioner asserts that the trial court erred by refusing to allow the jury to consider evidence that the firearm used in the robbery was inoperable because the felony-firearm statue requires that the defendant possess a functional firearm. The petitioner also asserts that the trial court should have instructed the jury that an inoperable firearm cannot be used to support a charge of commission of a felony with a firearm. These claims were rejected on the merits by the Michigan Court of Appeals on the petitioner's direct appeal. That court stated:

> Defendant first argues that the trial court erred when it refused to allow the jury to consider evidence that the firearm used during the robbery was inoperable, and by refusing to instruct the jury that a felony-firearm conviction may only be based on the use of an operable firearm during the commission of the underlying felony. It is defendant's position that an inoperable handgun does not qualify as a "firearm" under the statutory definition in Mich. Comp. Laws 750.222(d) because such a handgun cannot expel a dangerous projectile. The prosecution argued below that a handgun is a firearm for purposes of the felony firearm statute, even if it is currently inoperable, because such a handgun nevertheless "may" expel a dangerous projectile. This Court addressed this precise issue in *People v. Brown*, 249 Mich. App. 382 (2002) and stated,
>
>> First, we note the prosecution's argument that a "firearm" is "a weapon from which a dangerous projectile *may* be propelled. . . ." Mich. Comp. Laws 750.222(b) (emphasis added). The statutory term "may" is permissive, as opposed to the term "shall," which carries a mandatory, nondiscretionary connotation. *People v. Seeburger*, 225 Mich. App. 385, 392-393 (1997); *People v. Tabar*, 132 Mich. App. 376, 379 (1984). Interpreting the statute according to the fair import of its terms, we agree with the prosecutor that a handgun that is designed to expel a dangerous projectile, and that could do so but for a missing firing pin and spring, qualifies under Mich. Comp. Laws 750.222(b) as a weapon from which a dangerous projectile may be propelled. [*Brown*, *supra* at 386.]
>
> In light of the holding in *Brown*, *supra*, the trial court did not err when it refused to instruct the jury that it could find defendant not guilty of felony-firearm if the prosecutor failed to prove that the gun was operable at the time of the offense.

*Mayes*, 2006WL 2061353, at *1.

The petitioner takes issue with the state court's holding on the requirements of a conviction under the state robbery and firearms laws, which in turn determine the relevance of the evidence offered. The most direct answer to the petitioner's claim is that "'State law means what state courts say it means. A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. "A federal court may not issue the writ on the basis of a perceived error of state law."'" *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir.2002) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991) (citations omitted)).

The state courts held that the immediate operability of the firearm under the facts presented was immaterial, and so evidence proving its inoperability was irrelevant. Federal courts adjudicating constitutional claims in a habeas proceeding have nothing to say about that holding. Under Michigan law, the fact that the petitioner's gun was inoperable was irrelevant to any of the issues presented at trial. As the state appellate court found, the inoperable handgun still constituted a firearm under the felony-firearm statute. And the armed robbery statute prohibits the use of any "article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon" to commit a robbery. *People v. Chambers*, 277 Mich. App. 1, 7, 742 N.W.2d 610, 614 (2007) (footnote omitted). Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). The petitioner's claim does not warrant relief under the federal habeas statute.

The same analysis holds for the petitioner's jury instruction claim. The decision by the Michigan Court of Appeals that the requested jury instruction was properly denied because it was

a statement of Michigan law that is binding on this Court. *See Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000).

C.

The petitioner next asserts that the trial court erred by failing to instruct the jury on the lesser offenses of attempted armed robbery, unarmed robbery, larceny from a person, and larceny in a building. Even if true, the claim does not state a violation of federal law that will allow issuance of a writ of habeas corpus. The Supreme Court has not determined whether the failure to give jury instructions on lesser-included offenses in non-capital cases such as this one violates the right to due process. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980) ("We need not and do not decide whether the Due Process Clause would require the giving of such instructions in a noncapital case."). Thus, the "failure to instruct on a lesser included offense in a noncapital case is not 'such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) (quoting *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir.1990) (en banc)).

Because there is no clearly established federal law announced by the Supreme Court that requires lesser-included offense instructions under the Constitution, the petitioner is not entitled to relief on this claim.

D.

Finally, the petitioner contends that the evidence presented at trial was insufficient to sustain his convictions. The state court of appeals rejected that claim, stating:

> [D]efendant argues that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt. In reviewing the sufficiency of the evidence in a criminal case, the Court reviews the evidence in the light most favorable to the prosecution, and must determine whether a rational trier of fact could find that the

-9-

> essential elements of the offense(s) were proved beyond a reasonable doubt. *People v. Johnson*, 460 Mich. 720, 723 (1999). It is for the trier of fact to determine the inferences that may fairly be drawn from the evidence and the proper weight to be accorded those inferences. *People v. Hardiman*, 466 Mich. 417, 428 (2002).
>
> The record evidence included eyewitness testimony, physical evidence collected from the crime scene, physical evidence collected from or near defendant's person, and a videotape of the robbery itself. According to the testimony of Burger King employees present during the robbery, a man wearing clothing matching the clothing defendant wore when police apprehended him, jumped across the Burger King counter and grabbed money out of the Burger King safe while Hibler demanded money from the Burger King employees at gunpoint. Employees saw defendant carrying a gun in the back of the waist of his pants. A security system recorded the robbery on videotape. When the police finally apprehended defendant after a foot pursuit in a direction away from the Burger King as well as a physical struggle, defendant had approximately $1,207 in cash stuffed into his two front pockets. The police also recovered a loaded chrome revolver from the snow in the Burger King parking lot the evening of the robbery. Viewing the evidence in the light most favorable to the prosecution, the jury could have reasonably concluded that defendant committed armed robbery, that he conspired with at least one other person to commit that robbery, and that defendant carried or had in his possession a firearm (as defined by Mich. Comp. Laws 750.222) while committing the offense of armed robbery. This overwhelming and undisputed evidence was sufficient to support defendant's convictions.

*Mayes*, 2006 WL 2061353, at *3-4.

Not much more needs be said on the point. The court of appeals correctly decided the issue under federal standards, even though it did not cite federal cases. Certainly "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on habeas review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

> But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable

>  to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 318-19 (1979) (citations and footnote omitted). A federal court may not reweigh the evidence or redetermine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992)). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. *Ibid*. (citing *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000)). The Court need not be convinced that the petitioner is actually guilty beyond a reasonable doubt, provided there is sufficient evidence in the record to support the jury's verdict. *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995).

It is painfully apparent that the record contains abundant evidence that proves the petitioner's guilt beyond a reasonable doubt. The state court applied the correct legal standard in addressing the question of sufficiency of the evidence with reference to the elements of the crimes. There was evidence from which a reasonable jury could find all the elements of the robbery and firearm charges. Therefore, the petitioner is not entitled to habeas relief on this claim.

### III.

For the reasons stated, the Court concludes that the petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 3, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI